**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

PAMELA RIDEOUT                                                                 PLAINTIFF

V.                                                              NO.: 2:11CV222-MPM-JMV

ALLSTATE INSURANCE COMPANY                                         DEFENDANT

**ORDER**

Pending before the court are eight motions *in limine* filed by defendant [Doc. 111, Doc. 113, Doc. 115, Doc. 117, Doc. 119, Doc. 121, Doc. 125, Doc. 126] and two motions *in limine* filed by plaintiff [Doc. 128, Doc. 129]. The parties have responded in opposition to each motion. Upon due consideration, the court finds the motions to be granted in part and denied in part.

The court reminds counsel that motions *in limine* are useful procedural devices which, when appropriate, are helpful to clarify evidentiary issues at trial. These motions are most useful when the evidence sought to be excluded is such that an objection at trial would not serve to remove any prejudice to the objecting party.

However, some motions *in limine* are almost invariably improper, such as those which seek to have this court reiterate a well-settled rule of evidence (such as the rule against introducing evidence of settlement negotiations) or to repeat a ruling which it has already made. It is not this court's role to restate rules of law which are already clear enough, and it has repeatedly dismissed or stricken motions which seek to have it reiterate such rules.

With these considerations in mind, the court will now address the motions *in limine* which have been filed in this case.

## Defendant's Motions *in Limine*

Allstate seeks to prevent Rideout from introducing evidence of purported arrest records or prior bad acts of some of the independent agents who worked with Rideout. Allstate argues the prior arrest records are inadmissible character evidence and the agents' bad acts are irrelevant to the discrimination case filed by Ms. Rideout. However, these records are not used by plaintiff to prove anything about the particular agent's character or to show the agents acted in accordance with the character on a particular occasion. Rideout argues that being placed with these "bad" agents bolsters her ability to show the motivations of the relevant actors at Allstate to "force her out" and their discriminatory practices during her employment. Rideout contends that by assigning agents to her, Allstate did not give her a chance to succeed. The prior arrests and bad acts are relevant to Rideout's claims if she can show that Allstate knew, or should have known, of the agents' record prior to assigning her to the agents.

The court therefore denies Allstate's motion to exclude evidence relating to the agents' acts, but is also wary of plaintiff's ability to admit this evidence, which, to the court seems to be simply hearsay.

Next, Allstate moves the court to exclude evidence regarding damages incurred by Rideout after Rideout had commenced new employment. This court's previous order [Doc. 144] granted summary judgment to Allstate on plaintiff's constructive discharge claim and therefore this motion is now moot.

Allstate's motions to exclude evidence and arguments that relate to claims dismissed by the court on summary judgment and time barred claims are not a proper use of motions *in limine* and therefore will be denied. These motions are not well-taken, and the court cautions counsel for Allstate that a motion *in limine* is not the proper avenue to supplement a motion for summary judgment nor is it proper to encourage the court to rule on a pending motion via a motion *in limine*.

The court also denies Allstate's two motions to exclude irrelevant, speculative and hearsay evidence, including plaintiff's own testimony and notes. The court is fully capable of applying general

and well-known principles of the Federal Rules of Evidence during the course of the trial and the admissibility of such evidence will be determined by the testimony elicited during trial.

Allstate further filed a motion *in limine* to exclude summary evidence, and in particular, a diagram made by Rideout that was attached to her response to Allstate's motion for summary judgment. Allstate moves to exclude the diagram based on FRE 1006[1] and Rideout not producing the documents relied on by her to create the diagram. Rideout responded she "simply did not attach [the documents] to her filings to Defendant's motion for summary judgment because they were too voluminous and would have made those filings unwieldy." The court trusts that counsel for plaintiff and defendant will be able to resolve this issue as it relates to the admission of plaintiff's diagram prior to trial and therefore will hold ruling on this particular motion in abeyance.

The court next turns to Allstate's motion to prevent Rideout, her attorney, and witnesses from referring to Allstate's financial status and net worth. Plaintiff, inexplicably, responded in opposition to this motion. The financial status and net worth of defendant is irrelevant to this matter, and is highly prejudicial. Therefore, this motion will be granted.

## Plaintiff's Motions *in Limine*

Plaintiff moves the court to prohibit defendant from referencing her conviction for stealing. Rideout was convicted in 1988 of stealing from Sears, Roebuck & Company when she was seventeen years of age. Allstate contends that plaintiff's prior criminal conviction for stealing is clearly probative of her credibility and defendant intends to present such evidence to demonstrate plaintiff has a history of untruthfulness.

---

[1] The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court. Fed. R. Evid. 1006

Allstate claims that Rideout has a "history" of untruthfulness because of her conviction in 1988 and her deceitfulness in collecting a paycheck from her new employer, Jabil, while still employed by Allstate. Although it is evident that plaintiff did work for Jabil while at the same time still being paid by Allstate, the court determines a childish act of stealing over twenty five years ago, when plaintiff was seventeen years old and to which she plead guilty, is more prejudicial than it is probative in this particular cause of action. Therefore, defendant is precluded from referencing in any way plaintiff's conviction for stealing in 1988.

Plaintiff's second motion *in limine* seeks to prevent defendant from entering documents that plaintiff "accidently" submitted to defendant during discovery. The documents referenced are emails that plaintiff had previously forwarded to her own counsel. Rideout argues that entering these emails into evidence will result in unfair prejudice to her. In the alternative, plaintiff requests that plaintiff's counsel's name be redacted from the documents. Allstate has agreed to redact plaintiff's truly privileged communications and her counsel's name from any exhibit it intends to use at trial, therefore this motion will be denied, with the understanding that proper redaction will occur prior to trial.

THEREFORE, Docs. 111, 115, 117, 119, 126, and 129 are DENIED. Doc. 113 is DENIED as moot. Doc. 121 is held in abeyance. Docs. 125 and 128 are GRANTED.

IT IS ORDERED this the 20th day of November, 2013.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI